**Gordon DYE, Plaintiff-Appellant,**

v.

**BAC HOME LOANS SERVICING, LP, a foreign limited partnership; Recontrust Company, NA, a federal bank, Defendants-Appellees.**

No. 12-35406

United States Court of Appeals, Ninth Circuit.

Submitted January 16, 2018 *

Filed January 22, 2018

Gordon Dye, Pro Se

Peter D. Hawkes, Attorney, Pilar Cortwright French, Esquire, Attorney, Lane Powell PC, Portland, OR, Steven Andrew Ellis, Goodwin Procter LLP, Los Angeles, CA, for Defendants-Appellees

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Gordon Dye appeals pro se from the district court's judgment dismissing his diversity action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we vacate and remand.

The district court dismissed Dye's action with prejudice after finding, among other things, that Mortgage Electronic Registration Systems, Inc. ("MERS") was a valid beneficiary of Dye's deed of trust under Oregon law. However, after the district court entered judgment, the Oregon Supreme Court decided, in reviewing a deed of trust similar to Dye's, that MERS cannot be a "beneficiary" of a deed of trust under the Oregon Trust Deed Act, nor is MERS eligible to serve as the beneficiary simply by being designated as such in the deed of trust. *See Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 303 P.3d 301, 304, 309-12 (2013) (en banc). Because the district court did not have the benefit of *Brandrup* when it entered its order of dismissal, we vacate and remand for further proceedings in light of *Brandrup*.

We reject as without merit appellees' contention that Dye has "judicially admitted" facts defeating his own claims. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (setting forth circumstances in which a court may consider, on a motion to dismiss for failure to state a claim, evidence outside the contents of the complaint).

The parties shall bear their own costs on appeal.

### VACATED and REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

